JjPETERS, J.
Aymond Plumbing & Heating, Inc. (Ay-mond Plumbing) appeals a trial court judgment dismissing its request for review of a ruling made by an administrative law judge (ALJ) in connection with an award of unemployment compensation benefits to its former employee, Leon Harris, Jr. For the following reasons, we reverse and remand for further proceedings.
Harris worked for Aymond Plumbing from December 1995 through December 14, 2000. On that day, Donald Aymond, vice president of Aymond Plumbing, terminated Harris’ employment with the company. Thereafter, Harris applied for unemployment compensation benefits, and Aymond Plumbing opposed his application. On January 26, 2001, the Louisiana Department of Labor (Department) notified Harris that he was disqualified from receiving benefits because he had been discharged from his employment for cause.
Harris appealed the Department’s determination. However, he failed to appear before the ALJ at his February 28, 2001 hearing in that regard, and the ALJ dismissed his appeal. By a letter received by the ALJ on March 5, 2001, Harris requested that his appeal be reinstated. In his letter, he stated that he failed to appear on February 28, 2001, because of confusion concerning his schedule. The ALJ reinstated the appeal and, on April 9, 2001, held a hearing on the appeal.
At the April 9 hearing, Aymond Plumbing presented documentary as well as testimonial evidence and Harris testified on his own behalf in addition to presenting documentary evidence. After completion of the evidentiary portion of the hearing, the ALJ took the matter under advisement. On April 10, 2001, the ALJ issued written reasons for judgment reversing the Department’s decision and ordering that Harris be awarded unemployment compensation benefits.
LBy correspondence dated April 19, 2001, Aymond Plumbing sought review of the ALJ’s decision by the Louisiana Department of Labor Board of Review (Board of Review). On May 25, 2001, the Board of Review affirmed the ALJ’s decision.
*1147 On June 6, 2001, Aymond Plumbing filed a petition in the Ninth Judicial District Court seeking judicial review of Harris’ unemployment compensation claim. In that petition, Aymond Plumbing named both Harris and the Secretary of the Louisiana Department of Labor as party defendants. Aymond Plumbing asserted that the ALJ erred in reinstating Harris’ appeal and in awarding Harris unemployment compensation benefits. Specifically, regarding the procedural aspects of its complaint, Aymond Plumbing asserted in part “that the reopening of said claim by the Administrative Law Judge, contrary to law, constituted an arbitrary and capricious denial of [Aymond Plumbing’s] equal protection rights under the Louisiana Constitution, as well as a violation of statute.” Additionally, Aymond Plumbing asserted in its petition “that the Louisiana Department of Labor operates in such a way as to deny employers of this state equal protection under the laws” and “that it was denied procedural due process by being afforded no remedy to appeal the re-opening of the claim after [Harris] defaulted and was denied benefits initially.”
At a June 3, 2002 hearing, Aymond Plumbing’s attorney stated: “[T]his is not only an appeal of the administrative decision of the Department of Labor in an unemployment compensation claim, it is also seeking the court to declare the current procedures utilized by the Department of Labor to be unconstitutional.” The trial court concluded that any constitutional challenge to the rules and regulations of a state agency must be brought in East Baton Rouge Parish, and, as such, that it had neither venue nor subject matter jurisdiction to hear the issues. By a judgment | Ssigned June 17, 2002, the trial court dismissed Aymond Plumbing’s petition without prejudice. Aymond Plumbing has appealed this judgment.
OPINION
According to the Department, the Board of Review has an internal rule, Rule 113, which provides in part that a claimant may request to have his case reopened upon a showing of good cause for the failure to appear at the original hearing. In fact, the following appeared at the end of the initial dismissal of Harris’ appeal for which he failed to appear: “IF EITHER PARTY FAILS TO APPEAR FOR A HEARING, THE JUDGE MAY, BUT ONLY FOR GOOD CAUSE SHOWN, REOPEN AND RESCHEDULE THE HEARING.”
Under the Louisiana Administrative Procedure Act “[t]he validity or applicability of a rule may be determined in an action for declaratory judgment in the district court of the parish in which the agency is located.” La.R.S. 49:963(A)(1). Furthermore, “La.R.S. 49:963 is a jurisdictional venue provision, vesting exclusive venue in the parish in which the agency is located to determine the validity of an agency’s rules in a declaratory proceedr ing.” Star Enter. v. State, Through Dep’t of Revenue & Taxation, 95-1980—95-1982, p. 11 (La.App. 1 Cir. 6/28/96), 676 So.2d 827, 833, writ denied, 96-1983 (La.3/14/97), 689 So.2d 1383.
Although La.R.S. 23:2 establishes the domicile of the Department as Baton Rouge in East Baton Rouge Parish, the exclusive venue provision of La.R.S. 49:963 is not applicable to “the administrator of the Louisiana Employment Security Law.” La.R.S. 49:967(A). Rather, La.R.S. 23:1634(A) provides in part that “the administrator, or any party to the proceedings before the board of review, may obtain judicial review thereof by filing in the district court of the domicile of the claim-antJ^a petition for review of the decision, and in such proceeding any other party to the proceeding before the board of review *1148 shall be made a party defendant.” (Emphasis added.) “ ‘Administrator’ means the secretary of the Department of Labor.” La.R.S. 23:1472(1). Equally important, “[a] challenge to the validity of an administrative rule is a ‘civil matter’ falling under the original jurisdiction of the district courts.” Star Enter., 676 So.2d at 833. Thus, Aymond Plumbing properly instituted its action to challenge the validity of Rule 113 in Rapides Parish, the domicile of Harris. Accordingly, we reverse the judgment of the trial court and remand for further proceedings. Because of our disposition of this matter, we pre-termit addressing at this time Aymond Plumbing’s remaining assignments of err ror.
DISPOSITION
For the foregoing reasons, we reverse the judgment of the trial court that dismissed Aymond Plumbing’s petition, and we remand this matter to the Ninth Judicial District Court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.